### Schwartz v. Schwartz et al. No. 3

Before Stearne, acting P. J., Sinkler, Klein, Bolger, and Ladner, JJ.

*Leonard Orloff*, for garnishees.

*Barnett Lieberman*, for plaintiff in attachment.

LADNER, J., May 18, 1942.—The facts upon which this application by the above-named garnishees for leave to pay money into court is founded are fully set forth in our opinion upon a previous application in this case (see Schwartz v. Schwartz et al. (No. 2), 42 D. & C. 608). They need therefore not be repeated.

In that opinion we recognized the principle that, where a garnishee is confronted with conflicting claims to a fund in his hands, or indebtedness due by him, so that he cannot with safety to himself admit or deny liability to the defendant, the court may, upon seasonable application, permit him to pay the money into court and thereby have the court establish which one of the contenders is entitled to the fund attached. We refused the prior application because the petition failed clearly and specifically to identify such claimant, or set forth the nature and character of the alleged claim or set forth facts from which the court could determine whether the garnishees could without peril to themselves unequivocally admit that the mortgage debt attached was due defendant.

The garnishees renew their application in the petition now before us. To this petition there is annexed a copy of a letter from John C. Gilpin, as counsel for Emma R. Bird, Marie T. Adams, and William Schwartz, claimants, to the effect that his clients are the rightful owners of certain proportionate interests in the mort-

gage debt under attachment as in the letter set forth; that said mortgage was the property of the estate of Charles Schwartz (senior), deceased, in which they were determined by this court to have the proportionate interest here claimed upon accounting had; and that they received distribution in kind of the same by assignment of mortgage dated and recorded April 2, 1941, at Philadelphia. Supplemental answers to interrogatories set forth substantially the same information.

We are all agreed that the garnishees have now placed themselves in a position which entitles them to be protected by the court in the manner prayed for. They are entirely innocent parties to this seemingly interminable litigation of the Schwartz family. Leave as prayed for is granted and we now enter the following decree:

And now, May 18, 1942, the prayer of the garnishees' petition of February 12, 1942, is granted and they are hereby given leave to pay into court the instalments of interest now due and payable on the mortgage debt attached, namely, $150, less $7 costs and less a garnishees' attorney's fee in the sum of $75, and it is further ordered that the garnishees are now given leave to pay future half-yearly instalments of interest into this court as may become due hereafter, until otherwise ordered.